## PURCHASE AGREEMENT

**This Purchase Agreement ("Agreement") is entered into as of [_____], by and between:**
**Seller:** Zvi Guttman, Trustee for Galen Robotics, Inc. ("Seller")
**Buyer:** Galen Medical Technologies, Inc., a Delaware corporation ("Buyer")

### RECITALS

WHEREAS, Seller is the duly appointed trustee for the bankruptcy estate of Galen Robotics, Inc. (the "Estate"), Case No. 25-18408-DER, United States Bankruptcy Court for the District of Maryland; and

WHEREAS, Buyer desires to purchase certain assets of the Estate as described herein.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties agree as follows:

### 1. Assets to be Purchased

Buyer shall acquire the Debtor's and the Estate's right, title and interest in the assets listed on Exhibit A to this Agreement (the "Assets").

### 2. Purchase Price and Payment Terms

- **Purchase Price:** $90,000 (Ninety Thousand Dollars)

- **Deposit:** Buyer has deposited the sum of $10,000 (ten thousand dollars) with Seller, to be held in a non-interest-bearing account pending entry of the Sale Order. The Deposit shall be applied toward the Purchase Price at Closing.

- **Deposit Refundable**: Absent a breach by Buyer, the Deposit is fully refundable as provided herein. In the event the Bankruptcy Court does not approve this Agreement or a sale to Buyer, and Buyer is not otherwise in default hereunder, Seller shall refund the Deposit to Buyer in full within five (5) business days of the entry of an order denying or declining to approve the sale, without deduction or offset of any kind.

- **Payment Terms and Closing**: The remainder of the Purchase Price is payable in full at closing, which shall occur within fifteen days after entry of a final order approving the sale.

### 3. Representations and Warranties

**Seller represents and warrants:**

- He will obtain an Order of the Bankruptcy Court giving him the authority to sell the Assets free and clear of liens and encumbrances.

1

15089615.2 53539/155823

EXHIBIT 1

- The Assets are sold "as is", "where is", with all faults and without any representation or warranty of any kind, express or implied.

**Buyer represents and warrants:**

- Authority to purchase the assets.

**Survival:**
Any representations and warranties of Seller shall terminate at Closing.

## 4. No Third Party Beneficiaries

This Agreement is for the sole benefit of the parties hereto and their permitted successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever.

## 5. Severability

If any provision of this Agreement is determined to be invalid or unenforceable, the remainder of this Agreement shall remain in full force and effect, and the invalid or unenforceable provision shall be replaced by a valid and enforceable provision that most closely reflects the parties' original intent.

## 6. Counterparts and Electronic Signatures

This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures delivered electronically or by PDF shall be deemed effective.

## 7. Waiver of Jury Trial

EACH PARTY HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTION CONTEMPLATED HEREBY.

## 8. Governing Law and Jurisdiction

This Agreement shall be governed by and construed in accordance with the laws of the State of Maryland. Any disputes arising under or in connection with this Agreement shall be resolved exclusively by the United States Bankruptcy Court for the District of Maryland, and the parties consent to such jurisdiction and venue.

## 9. Entire Agreement and Amendments

This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings, whether written or oral, relating to the subject matter hereof. No amendment or modification shall be effective unless in writing and signed by both parties.

15089615.2 53539/155823

EXHIBIT 1

**10. Time of Essence**

Time is of the essence with respect to all obligations under this Agreement.

**11. Assignment and Transfer**

Buyer shall provide and Seller shall execute a bill of sale and assignment of rights for all Assets. Seller shall assign and transfer to Buyer all right, title, and interest of the Debtor and the Estate in physical and electronic records at closing, provided, however, Buyer is responsible for obtaining possession of such records.

**12. Regulatory Compliance**

Seller shall reasonably cooperate, consistent with Seller's authority as Chapter 7 trustee, in facilitating Buyer's efforts to update FDA registrations, listings, and related records. Seller makes no representation or warranty regarding FDA approval, acceptance, or timing of any regulatory updates or transfers. Buyer acknowledges that Seller does not warrant the completeness, condition, or sufficiency of any regulatory, technical, or compliance records, and that Buyer has conducted its own independent evaluation of the Assets. Buyer further acknowledges and agrees that certain FDA approvals, clearances, or authorizations included in the Assets, including but not limited to any De Novo authorization, Premarket Approval (PMA), or 510(k) clearance, may be device-specific or holder-specific and may not be freely transferable without prior notice to, or approval from, the FDA. From and after Closing, it shall be the sole responsibility of Buyer to determine the transferability of any regulatory approval or authorization included in the Assets, to initiate and prosecute any required notifications, submissions, or applications with the FDA or any other regulatory authority, and to bear all costs associated therewith. Buyer's obligation to close shall not be conditioned upon the transferability of any regulatory approval or authorization, and the non-transferability of any such approval or authorization shall not give rise to any claim against Seller or the bankruptcy estate.

**13. Bankruptcy Court Approval**

This Agreement is subject to approval by the U.S. Bankruptcy Court. Seller shall promptly file a motion to set bid procedures including a $10,000 overbid requirement, seek court approval of this Agreement, and notify Buyer of any objections or competing bids.

**14. Data Privacy; Assumption of Compliance Obligations**

Buyer acknowledges and agrees that certain data, records, or documentation included in the Assets may constitute or contain protected health information (PHI) or other personally identifiable information subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), applicable state privacy laws, or other federal or state data protection regulations. Seller makes no representation or warranty regarding the nature, scope, or regulatory classification of any data included in the Assets, or whether such data was collected, maintained, or transmitted in compliance with applicable law. From and after Closing, Buyer shall assume

3

EXHIBIT 1

sole and exclusive responsibility for compliance with all applicable federal, state, and local laws and regulations governing the use, storage, transfer, disclosure, and protection of any data acquired as part of the Assets, including but not limited to HIPAA and any applicable state equivalents. Buyer shall indemnify and hold harmless the bankruptcy estate, the Trustee in his official and individual capacities, and all professionals retained by the estate, from and against any claims, penalties, fines, or liabilities arising out of or related to Buyer's use, misuse, disclosure, or mishandling of any data acquired pursuant to this sale.

### 15. Waiver of Breach

No breach of any provision of this Agreement may be waived except in writing. The waiver of a breach of any provision shall not be deemed a waiver of any other breach of any other provision herein.

### 16. Drafting

The Parties acknowledge that the language of this Agreement was drafted with the participation of both Parties and shall not be construed for or against any Party by virtue of any Party's role in drafting this Agreement.

### 17. Attorneys' Fees

In the event of any legal proceeding arising out of or under this Agreement, the prevailing party shall be entitled to an award of all reasonable attorneys' fees and costs incurred in connection with such proceeding, from the non-prevailing party, unless otherwise ordered by the Bankruptcy Court.

### 18. Signatures

**SELLER:**

Signature: _____
Digitally signed by Zvi Guttman
Date: 2026.05.07 15:02:29 -04'00'

Printed Name:  Zvi Guttman, Trustee

Date:        _____

**PURCHASER:**

**Galen Medical Technologies, Inc.**

Signature: _____

Printed Name:  Leonard Mills

Title:  Director

Date:        05 / 07 / 2026

15089615.2  53539/155823

EXHIBIT 1

**Schedule of Assets (Exhibit A)**

- FDA De Novo clearance and device listing rights for the Galen ES Robotic Surgical Assistant Platform (DEN220047)

- Device master record, device history record, design history file, post market documentation

- Copyright: Product documentation/software

- Trademarks: "G GALEN ROBOTICS", "GR GALEN ROBOTICS", "G GALEN ES", "DIGITAL SURGERY AS A SERVICE (DSAAS)"

- Manufacturing equipment, inventory, and software

- Contracts and supplier agreements shall be included only to the extent assignable under applicable law and their respective terms.  No representation is made that any contract is assignable

- All records required for FDA Compliance

5

15089615.2 53539/155823

EXHIBIT 1