IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>Baltimore Division</u>

| | | |
|---|---|---|
| IN RE: | * | |
| GALEN ROBOTICS, INC., | * | Bankr. Case No.: 25-18408-DER |
| Debtor. | * | (Chapter 7) |
| *    *    *    *    *    *    * | * | |
| Zvi Guttman, Trustee | | |
| v. | * | CONTESTED MATTER |
| Ambix Life Science Fund I, L.P. | * | |
| And | | |
| Internal Revenue Service | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

**ORDER GRANTING
MOTION FOR AUTHORITY TO SELL ASSETS
<u>FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS</u>**

Upon consideration of the Motion for Authority to Sell Assets Free and Clear of Liens, Claims, Encumbrances, and Interests (the "Sale Motion") filed by Zvi Guttman, the Chapter 7 Trustee herein (the "Trustee"); the Purchase Agreement attached to the Sale Motion as Exhibit 1 (the "Agreement"); the Bid Procedures Order previously entered herein; and for good cause shown,

**UPON CONSIDERATION the Chapter 7 Trustee's uncontroverted representations that:**

A. This Court has jurisdiction over the Sale Motion, the transaction contemplated by the Agreement, and any ancillary documents and agreements related thereto, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the above-captioned bankruptcy case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are §§ 105(a) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014 and Local Bankruptcy Rules 2002-1 and 6004-1.

C. The Sale Motion seeks approval of the sale (the "Sale") of substantially all of the assets of the bankruptcy estate related to the Galen ES Robotic Surgical Assistant Platform as more particularly described in Exhibit A to the Agreement (collectively, the "Assets"). The Assets include intellectual property, regulatory clearances and submissions (including FDA De Novo clearance DEN220047), technical documentation, software and firmware, design files, physical prototypes and equipment, and associated records.

D. The Trustee seeks authority to sell the Assets to [SUCCESSFUL BIDDER], or successor, designee, or assignee (hereinafter, the "Buyer" or the "Purchaser") for $[PURCHASE PRICE] (the "Purchase Price"), pursuant to the Agreement and the results of the Auction conducted on [AUCTION DATE], if applicable.

E. The Trustee has: (i) properly and appropriately exercised his sound business judgment in determining that the Sale of the Assets to the Purchaser under the terms of the Agreement is in the best interest of the bankruptcy estate, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business justification for the Sale under §§ 363(b), (f), and (m) of the Bankruptcy Code, free and clear of all Interests (as hereinafter defined).

F.  The Sale of the Assets to the Purchaser pursuant to the Agreement will provide the highest and otherwise best value for the Assets and is in the best interest of the bankruptcy estate, creditors, and other parties in interest in that: (i) the Agreement was proposed and entered into without collusion, in good faith, and from arm's length bargaining positions by and between the Trustee and the Purchaser; (ii) the Purchaser is a third party unrelated to the Debtor, the Trustee, and persons connected to either; and (iii) the Sale was conducted pursuant to Bid Procedures approved by this Court, which provided a fair and open process for competitive bidding.

G.  As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 2002-1, to creditors and parties in interest in this case; (ii) such notice constitutes good and sufficient notice of the Sale Motion, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

H.  A reasonable opportunity to object or be heard regarding the Sale Motion and the Sale of the Assets has been afforded to all interested parties (including the Respondents) in accordance with §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014.

I.  The Trustee may sell all of the Debtor's and the bankruptcy estate's right, title, and interest in the Assets to the Purchaser free and clear of all liens, claims, encumbrances, or other interests (the "Interests") because one or more of the standards set forth in § 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. With respect to the Internal Revenue Service, the Trustee submits that the IRS lien is subject to a bona fide dispute as to its validity, priority, extent, and enforceability, and is further subject to subordination under § 724(b). With respect to Ambix Life Science Fund I, L.P., the Trustee submits that its UCC-1

lien is subject to a bona fide dispute as to its validity and enforceability, including whether any consideration was advanced.

J. Upon consummation of the Sale pursuant to the terms of the Agreement, the transfer of the Assets shall constitute a legal, valid, and effective transfer to the Purchaser, and shall vest in the Purchaser all the right, title, and interest of the Debtor and the bankruptcy estate in and to the Assets, free and clear of all Interests.

K. The Purchaser has not engaged in any conduct that would prevent the application of § 363(m) of the Bankruptcy Code to the Sale or the Agreement, or cause or permit the Sale to be avoided under § 363(n) of the Bankruptcy Code. The purchase price provided for under the Agreement is fair and reasonable. Accordingly, the Purchaser is a good faith purchaser under § 363(m) of the Bankruptcy Code and is entitled to all protections afforded thereby.

The Court making such necessary and appropriate findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

**NOW THEREFORE, IT IS by the United Bankruptcy Court for the District of Maryland:**

**ORDERED** that the Sale Motion is hereby granted. All objections and responses to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or otherwise resolved are hereby overruled and denied on the merits.

**ORDERED** that the Sale of the Assets to the Purchaser in accordance with the Agreement is hereby approved pursuant to §§ 105 and 363 of the Bankruptcy Code. The Trustee is hereby authorized to sell the Assets to the Purchaser on the terms and

subject to the conditions set forth in the Agreement, which is hereby approved in its entirety.

**ORDERED** that this Sale Order and the Agreement shall be binding in all respects upon the Purchaser, all Bidders on the Assets, the Trustee, the Debtor, all creditors of the Debtor (known or unknown), all interested parties, including any party asserting Interests in the Assets or proceeds thereof, and upon the successors and assigns of any of the foregoing.

**ORDERED** that the Agreement be approved in its entirety. The failure to specifically include or refer to any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision; provided, however, that to the extent any provision of this Sale Order is inconsistent with the terms of the Agreement, the terms of this Sale Order shall control. The Agreement and any related agreement, document, or instrument may be modified, amended, or supplemented by the parties in accordance with the terms thereof, without further order of this Court, provided that any such modification is not material, is consistent with this Sale Order, and has the approval of the parties.

**ORDERED** that except as expressly provided in the Agreement or herein, the Assets shall be transferred to the Purchaser upon closing free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code, with all such Interests to attach to the proceeds of sale with the same validity, priority, extent, and effect that such Interests had immediately prior to closing, subject to all rights, claims, defenses, and objections of the Trustee, the bankruptcy estate, its creditors, and all interested parties with respect to the Interests and the proceeds of sale.

**ORDERED** that except as expressly provided in the Agreement or herein, (i) the Purchaser shall not be liable for any Interests against the Assets, and (ii) the transfer of the Assets by the Trustee does not and shall not subject the Purchaser to any liability as successor to the Debtor or the Estate.

**ORDERED** that the sole and exclusive remedy available to any person or entity holding or asserting Interests in or against the Assets (other than as expressly set forth in the Agreement or herein) shall be a right to assert those Interests in or against the

proceeds of Sale in this Court. All such persons and entities are hereby barred from asserting such Interests against the Assets, the Debtor, the Trustee, the bankruptcy estate, the Purchaser, and/or their respective successors and assigns. For the avoidance of doubt, the Assets shall transfer to the Purchaser free and clear of all claims, encumbrances, liens, and Interests, including those of the named Respondents, whose sole recourse shall be against the proceeds of the Sale.

**ORDERED** that consistent with the findings set forth above, the Purchaser is entitled to all protections of § 363(m) of the Bankruptcy Code. The purchase price is fair and reasonable. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending appeal prior to closing. The Sale may not be avoided under § 363(n) of the Bankruptcy Code.

**ORDERED** that the Trustee may consummate the Sale through execution of one or more bills of sale, assignments, conveyances, transfers, and/or other instruments of transfer, and such instrument(s), together with this Sale Order, shall be sufficient evidence of the transfer of the Assets to the Purchaser free and clear of all Interests pursuant to §§ 363(f) and 541 of the Bankruptcy Code. This Sale Order shall be binding upon and govern the acts of all persons and entities who may be required by operation of law, duties of office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets sold, transferred, or assigned pursuant to this Sale Order, and each such person or entity is hereby directed to accept and file promptly upon presentment all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement, even without the payment or satisfaction of any lien, claim, or encumbrance.

**ORDERED** that in the event any holder of a lien, mortgage, UCC filing, or other encumbrance fails or refuses to execute and deliver any release, assignment, or other document necessary to release or discharge such Interest as required by this Order, the Trustee is authorized to execute such documents on behalf of such holder. Any document so executed shall be valid and binding upon the non-cooperating party to the

same extent as if executed by that party, and the Interest shall be deemed fully released and discharged without the necessity of further action by that party.

**ORDERED** that the Trustee is authorized to disburse from the proceeds of the Sale at or after settlement, directly or through an intermediary including an attorney's office:

    a. any costs of sale; and

    b. the principal, interest, and other allowable charges and amounts due to any person to the extent the Trustee concludes that such person holds an interest or claim secured by a non-avoidable, non-subordinated, valid, and perfected interest or lien on the Assets.

**ORDERED** that with respect to the Internal Revenue Service: subject to 11 U.S.C. §§ 503, 506, 507, 724(a) and (b), and 726, and any agreement with the IRS, the Trustee may pay such portion of the IRS's lien, if any, as the Trustee determines to be valid, non-avoidable, non-subordinated, and entitled to payment from the proceeds of Sale, following resolution of any disputes regarding the validity, priority, extent, subordination, and amount of the IRS's claim. The Trustee reserves all rights with respect to the IRS's claim, including the right to contest the validity, priority, extent, and enforceability thereof.

**ORDERED** that with respect to Ambix Life Science Fund I, L.P.: no payment from the proceeds of Sale is authorized at this time. Ambix has not filed a Proof of Claim. The Trustee has been unable to verify that any consideration was advanced by Ambix under its UCC-1 filing and reserves all rights with respect to the validity, priority, extent, and enforceability of Ambix's purported lien. Ambix's sole recourse, if any, shall be against the proceeds of the Sale in this Court.

**ORDERED** that any other proceeds of sale received by the Trustee, after authorized disbursements, shall be held by the Trustee pending the filing of a final report and/or further order of this Court.

**ORDERED** that this Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Agreement and this Sale Order in all respects and to hear

and determine any and all related disputes; provided, however, that in the event this Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction with respect to the Assets or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

**ORDERED** that the Trustee shall be, and hereby is, authorized to: (a) fully perform under, consummate, and implement the Sale of the Assets to the Purchaser, including the execution and delivery of all instruments and documents that may be reasonably necessary, required, or desirable to implement and effectuate the Sale, the Agreement, and the transactions contemplated by this Sale Order; and (b) take all further actions as may be requested by the Purchaser for the purpose of transferring, granting, and conveying the Assets to the Purchaser, free and clear of all Interests.

**ORDERED** that the stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Sale Order shall be effective immediately upon its entry.

**<u>Suggested Distribution List</u>**:

Office of U.S. Trustee
101 W. Lombard St., Suite 2625
Baltimore, Maryland 21201

Leonard Mills
Galen Medical Technologies, Inc.
26012 Seastone Dr.
Englewood, FL 34223

Altza Holdings LLC
30 N Gould St. Ste. R
Sheridan, WY 82801

Ambix Life Science Fund I, L.P.
627 National Ave.
Mountain View, CA 94043

Ambix Life Science Fund, I L.P.
c/o Incorporating Services, Ltd., Registered Agent
3500 S Dupont Hwy, Dover, DE 19901

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346, Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operation
PO Box 21126, Philadelphia, PA 19114-0326

Internal Revenue Service
Central Lien Operations
PO Box 145595, Stop 8420G, Cincinnati, OH 45250-5595

Civil Process Clerk
U.S. Attorney for the District of Maryland
36 South Charles St., 4th Floor, Baltimore, MD 21201

Honorable Todd Blanche, Esq,
Acting Attorney General of the United States
950 Pennsylvania Ave., NW
Washington, DC 20530

Zvi Guttman
zvi@zviguttman.com, zviguttman@gmail.com, MD55@ecfcbis.com

David Simson Musgrave
dmusgrave@gfrlaw.com, jojones@gfrlaw.com

**END OF ORDER**