United States Bankruptcy Court
District of Maryland

In re:
Galen Robotics, Inc.
   Debtor

Case No. 25-18408-DER
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0416-1                     User: admin                          Page 1 of 3
Date Rcvd: Jun 17, 2026                  Form ID: pdfall                      Total Noticed: 63

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| ptcrd | + | Diane Brusin, 347 N New River Drive E, Unit 1107, Fort Lauderdale, Fl 33301-3138 |
| adb | + | Galen Robotics, Inc., 1100 Wicomico Street, Suite 725, Baltimore, MD 21230-2080 |
| cr | + | Johns Hopkins University, E. Bernard Justis, Johns Hopkins University - Office of Gen, 3400 N. Charles Street - 113 Garland Ha, Baltimore, MD 21218-2680 |
| ptcrd | + | TTV Wicomico LLC, 1100 Wicomico Street, Suite 330, Baltimore, MD 21230-2046 |
| ptcrd | + | Vishnu Kolal, 1091 Penn Circle, Apt. GT-15, King of Prussia, PA 19406-1174 |
| 33206894 | + | APT Medical Consulting, Adam Talmadge, 2713 60th Street NW, Gig Harbor, WA 98335-1361 |
| 33216446 | + | AXIS Research & Technologies, Inc., 16662 Hale Avenue, Irvine, CA 92606-5031 |
| 33190720 | + | Adam Talmadge (APT Medical Consulting Corporation), 2713 60th Street NW, GIG HARBOR, WA 98335-1361 |
| 33206893 | + | Anago, 1406B Crain Hwy S, Suite 103, Glen Burnie, MD 21061-4092 |
| 33265659 | + | Andrew Dirks, John B. Stelarz, 6509 York Road, Baltimore, MD 21212-2142 |
| 33206896 | | Atracsys LLC, Route du Verney 20B, Puidoux, Switzerland 01070 |
| 33206895 | + | Axis Research and Technology, 6630 Eli Whitney Drive, Suite E, Columbia, MD 21046-1798 |
| 33206897 | + | C-Axis Inc Contract Manufacturing, PO Box 8309, Caguas, PR 00726-8309 |
| 33206898 | + | DAS Medical International, 95 Chastain Rd. NW, Kennesaw, GA 30144-5883 |
| 33206901 | + | DKT Consulting, 1105 Sunset Creek Lane, Pleasanton, CA 94566-3855 |
| 33267357 | + | DR. ROBERT S LANGER, 98 MONTVALE RD, NEWTON, MA 02459-1363 |
| 33206900 | + | DigiKey, 701 Brooks Ave S, Thief River Falls, MN 56701-2703 |
| 33221850 | + | DigiKey Electronics, PO Box 677, Thief River Falls, MN 56701-0677 |
| 33206902 | + | Electro Rent Corporation, 8511 Fallbrook Avenue, Suite 200, West Hills, CA 91304-3264 |
| 33206903 | + | Entry-Master Holdings LLC, 1100 Wicomico Street, Suite 330, Baltimore, MD 21230-2046 |
| 33270807 | + | Entry-Master Holdings, LLC, Janet S. Bakter, 7946 Innkeeper Drive, Severn, MD 21144-1480 |
| 33206905 | + | G&G Technical Inc, 46 Darby Rd, Paoli, PA 19301-1416 |
| 33206906 | + | Gattey Law Office, 830 Old County Road, Belmont, CA 94002-2723 |
| 33206907 | + | Henry Machine Inc, 2316 La Mirada Dr., Vista, CA 92081-7862 |
| 33206908 | + | Hogan Lovells, 555 Thirteenth Street, NW, Washington, DC 20004-1109 |
| 33253509 | + | Hogan Lovells US LLP, Attn: Christopher Bryant, 390 Madison Ave., New York, NY 10017-2507 |
| 33186397 | | IHETS, 13-03 One Meyer, One Meyer place, Singapore 43798 |
| 33206909 | + | Igus Inc, 257 Ferris Avenue, Rumford, RI 02916-1033 |
| 33206911 | + | Ingenarious Consultants, 12011 San Vicente Blvd, Suite 320, Los Angeles, CA 90049-4944 |
| 33206912 | + | Intertek Testing Services NA Inc, 70 Codman Hill Rd, Boxborough, MA 01719-1737 |
| 33206914 | + | Johns Hopkins Technology Ventures, 1812 Ashland Avenue, Suite 110, Baltimore, MD 21205-1546 |
| 33206915 | + | Johns Hopkins University, Johns Hopkins at Keswick, 3910 Keswick Road, Baltimore, MD 21211-2226 |
| 33206917 | + | Keiretsu Forum Midwest, 76 E Monroe St, Chicago, IL 60603-2703 |
| 33206916 | + | Kelly Insurance, 1200 Route 35 North, Middletown, NJ 07748-2013 |
| 33206918 | + | MC Electronics, 8281 Berryfield Dr, Nottingham, MD 21236-5553 |
| 33206919 | | McMaster Carr, 630 Frontage Road, Elmhurst, IL 60126 |
| 33206920 | + | Medical Device Manufacturers Association, 1333 H St NW, Ste 400, Washington, DC 20005-4707 |
| 33282633 | + | Merritt Consulting Group, 2890 Middle Two Rock Rd, Petaluma, CA 94952-4623 |
| 33206921 | + | Mouser Electronics, 1000 N Main St, Mansfield, TX 76063-1514 |
| 33090289 | | Navarathna G Narasimhamurthy, 5916 Gentle Call, Clarksville, MD 21029-1249 |
| 33206924 | + | Nelson Labs, 6280 S Redwood Rd, Salt Lake City, UT 84123-6600 |
| 33206925 | + | New Jersey Taxation, PO Box 248, Trenton, NJ 08646-0248 |
| 33222428 | + | Perpich Consulting, 1739 Hawkins Drive, Los Altos, CA 94024-5824 |
| 33206928 | + | Proto Labs Inc, 5540 Pioneer Creek Dr, Maple Plain, MN 55359-9003 |

| | | |
|---|---|---|
| 33206929 | + | Robert Langer, MIT Room 76-661, Massachusetts Institute of Technology, 77 Massachusetts Ave., Cambridge, MA 02139-4307 |
| 33206930 | + | Robling Medical, 90 Weathers Street, Youngsville, NC 27596-7801 |
| 33206932 | + | Strass Collins & Co, 2810 W. Parkland Blvd, Tampa, FL 33609-5318 |
| 33218430 | + | TEAM WORLDWIDE, PO BOX 668, WINNSBORO, TX 75494-0668 |
| 33206934 | + | THE QT Company, 21 Drydock, Suite 330 W, Boston, MA 02210-2632 |
| 33289706 | + | TTV Wicomico, LLC, 1100 Wicomico Street, Suite 100, Baltimore, MD 21230-2002 |
| 33271940 | + | Tao Wang, 14306 Potomac Heights Ln, Rockville, MD 20850-3844 |
| 33206933 | + | Team Air Express, 639 W. Broadway St, Winnsboro, TX 75494-2059 |
| 33206937 | + | Trimech, 4991 Lake Brook Dr, Suite 300, Glen Allen, VA 23060-9293 |
| 33206939 | + | Venable, 600 Massachusetts Avenue, NW, Washington, DC 20001-5358 |
| 33229940 | + | Venable LLP, 750 E. Pratt Street Suite 900, Venable LLP, 750 E. Pratt Street Suite 9, Baltimore, MD 21202-3157 |
| 33206940 | + | Westpak, 83 Great Oaks Blvd, San Jose, CA 95119-1311 |
| 33206941 | + | White Label Media, 2166 Broadway, Apt 14D, New York, NY 10024-6671 |
| 33206942 | + | White Summers, 541 Jefferson Ave., Suite 100, Redwood City, CA 94063-1700 |

TOTAL: 58

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 33206899 | + | Email/Text: documentfiling@lciinc.com | Jun 17 2026 19:33:00 | Comcast, 1701 John F. Kennedy Blvd, Philadelphia, PA 19103-2899 |
| 33284452 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jun 17 2026 19:34:00 | Department of the Treasury, Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 33206904 | + | Email/Text: FXF_BANKRUPTCY@fedexfreight.com | Jun 17 2026 19:34:00 | FedEx, 942 South Shady Groce Rd, Memphis, TN 38120-4117 |
| 33206931 | | Email/Text: sabolich@stephengould.com | Jun 17 2026 19:34:00 | Stephen Gould Corporation, 5 Giralda Farms, Madison, NJ 07940 |
| 32966873 | + | Email/Text: arbankruptcy@uline.com | Jun 17 2026 19:35:00 | Uline, 12575 Uline DR., Pleasant Prairie, WI 53158-3686 |

TOTAL: 5

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 33206913 | | Johanson & Yau, INVALID ADDRESS PROVIDED |
| 33206922 | | MJS Medical Consulting, INVALID ADDRESS PROVIDED |
| 33206926 | | Pace Engineering Recruiters, INVALID ADDRESS PROVIDED |
| 33206935 | | Tower Hill Properties, INVALID ADDRESS PROVIDED |
| 33206936 | | Trescal Inc, INVALID ADDRESS PROVIDED |
| 33279957 | *+ | Proto Labs Inc., 5540 Pioneer Creek Drive, Maple Plain, MN 55359-9003 |
| 33206927 | ##+ | Perkins Coie, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3095 |

TOTAL: 5 Undeliverable, 1 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

District/off: 0416-1                       User: admin                     Page 3 of 3

Date Rcvd: Jun 17, 2026                Form ID: pdfall                 Total Noticed: 63

Date: Jun 19, 2026                     Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David Simson Musgrave | dmusgrave@gfrlaw.com  jojones@gfrlaw.com |
| Megan Young | myoung@tydings.com |
| Stephen B. Gerald | sgerald@tydings.com |
| Zvi Guttman | zvi@zviguttman.com  zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com |

TOTAL: 4

Entered: June 17th, 2026
Signed: June 16th, 2026
**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | * | |
| GALEN ROBOTICS, INC., | * | Bankr. Case No.: 25-18408-DER |
| Debtor. | * | (Chapter 7) |
| *    *    *    *    *    *    * | * | |
| Zvi Guttman, Trustee | | |
| v. | * | CONTESTED MATTER |
| Ambix Life Science Fund I, L.P. | * | |
| And | | |
| Internal Revenue Service | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ORDER GRANTING**
**MOTION FOR AUTHORITY TO SELL ASSETS**
**FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Upon consideration of:

(a) the Motion for Authority to Sell Assets Free and Clear of Liens, Claims,
   Encumbrances, and Interests (the "Sale Motion") filed by Zvi Guttman,
   the Chapter 7 Trustee (the "Trustee");

(b) the previously approved Bid Procedures;

    (c) the Notice of Auction Results;

    (d) The Purchase Agreement of the Successful Bidder attached to said Notice as Exhibit 1 (the "Agreement");

    (e) The Purchase Agreement of the Backup Bidder attached to said Notice as Exhibit 2 (the "Backup Agreement");

    (f) The Limited Objection and Reservation of Rights to the Sale Motion (the "Objection") filed by TTV Wicomico LLC (the "Landlord") and for good cause shown,

THE COURT having conducted a hearing on June 15, 2026 at which the Trustee presented oral argument and proffered testimony in support of the Sale Motion;

AND IT APPEARING THAT:

**A.** This Court has jurisdiction over the Sale Motion, the transaction contemplated by the Agreement, and any ancillary documents and agreements related thereto, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the above-captioned bankruptcy case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**B.** The statutory predicates for the relief sought in the Sale Motion are §§ 105(a) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014 and Local Bankruptcy Rules 2002-1 and 6004-1.

**C.** The Sale Motion seeks approval of the sale (the "Sale") of substantially all of the assets of the bankruptcy estate related to the Galen ES Robotic Surgical Assistant Platform as more particularly described in Exhibit A to the Agreement (collectively, the "Assets"). Although the Assets include intellectual property, regulatory clearances and submissions (including FDA De Novo clearance DEN220047), technical documentation, software and firmware, design files, physical prototypes and equipment, and associated records, the Trustee, the Successful Bidder, and the Backup Bidder acknowledge that "Assets" does not include any personal property located at the Debtor's former business premises

(1100 Wicomico Street, Suite 725, Baltimore, MD 21230) or otherwise in the possession, custody, or control of the Landlord.

**D.** The Trustee seeks authority to sell the Assets to Altza Holdings, LLC, or successor, designee, or assignee (hereinafter, the "Buyer" or the "Purchaser") for $110,000.00 (the "Purchase Price"), pursuant to the Agreement and the results of the Auction conducted on June 10, 2026.

**E.** The Trustee has: (i) properly and appropriately exercised his sound business judgment in determining that the Sale of the Assets to the Purchaser under the terms of the Agreement is in the best interest of the bankruptcy estate, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business justification for the Sale under §§ 363(b), (f), and (m) of the Bankruptcy Code, free and clear of all Interests (as hereinafter defined).

**F.** The Sale of the Assets to the Purchaser pursuant to the Agreement will provide the highest and otherwise best value for the Assets and is in the best interest of the bankruptcy estate, creditors, and other parties in interest in that: (i) the Agreement was proposed and entered into without collusion, in good faith, and from arm's length bargaining positions by and between the Trustee and the Purchaser; (ii) the Purchaser is a third party unrelated to the Debtor, the Trustee, and persons connected to either; and (iii) the Sale was conducted pursuant to Bid Procedures approved by this Court, which provided a fair and open process for competitive bidding.

**G.** As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 2002-1, to creditors and parties in interest in this case; (ii) such notice constitutes good and sufficient notice of the Sale Motion, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

**H.** A reasonable opportunity to object or be heard regarding the Sale Motion and the Sale of the Assets has been afforded to all interested parties (including the Respondents) in accordance with §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014.

**I.** The Trustee may sell all of the Debtor's and the bankruptcy estate's right, title, and interest in the Assets to the Purchaser free and clear of all liens, claims, encumbrances, or other interests (the "Interests") because one or more of the standards set forth in § 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. With respect to the Internal Revenue Service, the Trustee submits that the IRS lien, if any, is subject to a bona fide dispute as to its validity, priority, extent, and enforceability, and is further subject to subordination under § 724(b). With respect to Ambix Life Science Fund I, L.P., the Trustee submits that its UCC-1 lien is subject to a bona fide dispute as to its validity and enforceability, including whether any consideration was advanced.

**J.** Upon consummation of the Sale pursuant to the terms of the Agreement, the Trustee's transfer of the Assets shall constitute a legal, valid, and effective transfer to the Purchaser, and shall vest in the Purchaser all the right, title, and interest of the Debtor and the bankruptcy estate in and to the Assets, free and clear of all Interests.

**K.** The Purchaser has not engaged in any conduct that would prevent the application of § 363(m) of the Bankruptcy Code to the Sale or the Agreement, or cause or permit the Sale to be avoided under § 363(n) of the Bankruptcy Code. The purchase price provided for under the Agreement is fair and reasonable. Accordingly, the Purchaser is a good faith purchaser under § 363(m) of the Bankruptcy Code and is entitled to all protections afforded thereby.

The Court making such necessary and appropriate findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent

any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

NOW THEREFORE, IT IS by the United Bankruptcy Court for the District of Maryland:

**ORDERED** that the Sale Motion is hereby granted. All objections and responses to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or otherwise resolved are hereby overruled and denied on the merits.

**ORDERED** that the Sale of the Assets to the Purchaser in accordance with the Agreement is hereby approved pursuant to §§ 105 and 363 of the Bankruptcy Code. The Trustee is hereby authorized to sell the Assets to the Purchaser on the terms and subject to the conditions set forth in the Agreement, which is hereby approved in its entirety.

**ORDERED** that this Sale Order and the Agreement shall be binding in all respects upon the Purchaser, all Bidders on the Assets, the Trustee, the Debtor, all creditors of the Debtor (known or unknown), all interested parties, including any party asserting Interests in the Assets or proceeds thereof, and upon the successors and assigns of any of the foregoing.

**ORDERED** that the Agreement be approved in its entirety. The failure to specifically include or refer to any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision; provided, however, that to the extent any provision of this Sale Order is inconsistent with the terms of the Agreement, the terms of this Sale Order shall control. The Agreement and any related agreement, document, or instrument may be modified, amended, or supplemented by the parties in accordance with the terms thereof, without further order of this Court, provided that any such modification is not material, is consistent with this Sale Order, and has the approval of the parties.

**ORDERED** that except as expressly provided in the Agreement or herein, the Assets shall be transferred to the Purchaser upon closing free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code, with all such Interests to attach to the proceeds of sale with the same validity, priority, extent, and effect that such Interests

had immediately prior to closing, subject to all rights, claims, defenses, and objections of the Trustee, the bankruptcy estate, its creditors, and all interested parties with respect to the Interests and the proceeds of sale.

**ORDERED** that except as expressly provided in the Agreement or herein, (i) the Purchaser shall not be liable for any Interests against the Assets, and (ii) the transfer of the Assets by the Trustee does not and shall not subject the Purchaser to any liability as successor to the Debtor or the Estate.

**ORDERED** that the sole and exclusive remedy available to any person or entity holding or asserting Interests in or against the Assets (other than as expressly set forth in the Agreement or herein) shall be a right to assert those Interests in or against the proceeds of Sale in this Court. All such persons and entities are hereby barred from asserting such Interests against the Assets, the Debtor, the Trustee, the bankruptcy estate, the Purchaser, and/or their respective successors and assigns. For the avoidance of doubt, the Assets shall transfer to the Purchaser free and clear of all claims, encumbrances, liens, and Interests, including those of the named Respondents, whose sole recourse shall be against the proceeds of the Sale.

**ORDERED** that consistent with the findings set forth above, the Purchaser is entitled to all protections of § 363(m) of the Bankruptcy Code. The purchase price is fair and reasonable. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending appeal prior to closing. The Sale may not be avoided under § 363(n) of the Bankruptcy Code.

**ORDERED** that the Trustee may consummate the Sale through execution of one or more bills of sale, assignments, conveyances, transfers, and/or other instruments of transfer, and such instrument(s), together with this Sale Order, shall be sufficient evidence of the transfer of the Assets to the Purchaser free and clear of all Interests pursuant to §§ 363(f) and 541 of the Bankruptcy Code. This Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Food and Drug Administration and its constituent components, who may be required by operation of law, duties of office, or contract to accept, file, register, or otherwise record

or release any documents or instruments, and each such person or entity is hereby directed to accept and file promptly upon presentment all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement, even without the payment or satisfaction of any lien, claim, or encumbrance.

**ORDERED** that in the event any holder of a lien, mortgage, UCC filing, or other encumbrance fails or refuses to execute and deliver any release, assignment, or other document necessary to release or discharge such Interest as required by this Order, the Trustee is authorized to execute such documents on behalf of such holder. Any document so executed shall be valid and binding upon the non-cooperating party to the same extent as if executed by that party, and the Interest shall be deemed fully released and discharged without the necessity of further action by that party.

**ORDERED** that the Trustee is authorized to disburse from the proceeds of the Sale at or after settlement, directly or through an intermediary including an attorney's office:

    a.  any costs of sale; and

    b.  the principal, interest, and other allowable charges and amounts due to any person to the extent the Trustee concludes that such person holds an interest or claim secured by a non-avoidable, non-subordinated, valid, and perfected interest or lien on the Assets.

**ORDERED** that with respect to the Internal Revenue Service, subject to 11 U.S.C. §§ 503, 506, 507, 724(a) and (b), and 726, and any agreement with the IRS, the Trustee may pay such portion of the IRS's lien, if any, as the Trustee determines to be valid, non-avoidable, non-subordinated, and entitled to payment from the proceeds of Sale, following resolution of any disputes regarding the validity, priority, extent, subordination, and amount of the IRS's claim. The Trustee reserves all rights with respect to the IRS's claim, including the right to contest the validity, priority, extent, and enforceability thereof.

**ORDERED** that with respect to Ambix Life Science Fund I, L.P., no payment from the proceeds of Sale is authorized at this time. Ambix has not filed a Proof of Claim. The

Trustee has been unable to verify that any consideration was advanced by Ambix under its UCC-1 filing and reserves all rights with respect to the validity, priority, extent, and enforceability of Ambix's purported lien. Ambix's sole recourse, if any, shall be against the proceeds of the Sale in this Court.

ORDERED that any other proceeds of sale received by the Trustee, after authorized disbursements, shall be held by the Trustee pending the filing of a final report and/or further order of this Court.

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Agreement and this Sale Order in all respects and to hear and determine any and all related disputes; provided, however, that in the event this Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction with respect to the Assets or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

ORDERED that the Trustee shall be, and hereby is, authorized to: (a) fully perform under, consummate, and implement the Sale of the Assets to the Purchaser, including the execution and delivery of all instruments and documents that may be reasonably necessary, required, or desirable to implement and effectuate the Sale, the Agreement, and the transactions contemplated by this Sale Order; and (b) take all further actions as may be requested by the Purchaser for the purpose of transferring, granting, and conveying the Assets to the Purchaser, free and clear of all Interests.

ORDERED that the stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Sale Order shall be effective immediately upon its entry.

**Suggested Distribution List**:

Office of U.S. Trustee
101 W. Lombard St., Suite 2625
Baltimore, Maryland 21201

Leonard Mills
Galen Medical Technologies, Inc.

26012 Seastone Dr.
Englewood, FL 34223

Altza Holdings LLC
30 N Gould St. Ste. R
Sheridan, WY 82801

Ambix Life Science Fund I, L.P.
627 National Ave.
Mountain View, CA 94043

Ambix Life Science Fund, I L.P.
c/o Incorporating Services, Ltd., Registered Agent
3500 S Dupont Hwy, Dover, DE 19901

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346, Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operation
PO Box 21126, Philadelphia, PA 19114-0326

Internal Revenue Service
Central Lien Operations
PO Box 145595, Stop 8420G, Cincinnati, OH 45250-5595

Civil Process Clerk
U.S. Attorney for the District of Maryland
36 South Charles St., 4th Floor, Baltimore, MD 21201

Honorable Todd Blanche, Esq,
Acting Attorney General of the United States
950 Pennsylvania Ave., NW
Washington, DC 20530

Johns Hopkins University
E. Bernard Justis
Johns Hopkins University - Office of Gen
3400 N. Charles Street - 113 Garland Ha
Baltimore, MD 21218

Madison Lane Ventures LLC
4112 Greenway
Baltimore, MD 21218

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

U.S. Department of Health and Human Services
200 Independence Avenue, SW
Washington, DC 20201

CDRH Office of the Center Director
10903 New Hampshire Avenue
WO66-5431
Silver Spring, MD 20993-0002

Stephen B. Gerald sgerald@tydings.com

Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, MD55@ecfcbis.com

David Simson Musgrave dmusgrave@gfrlaw.com, jojones@gfrlaw.com

**END OF ORDER**